UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE D., | Case No.: 25-cv-0614-SBC |
| Plaintiff, | |
| v. | **ORDER REVERSING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING CASE FOR FURTHER PROCEEDINGS** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

On March 14, 2025, Plaintiff Christine D.[1] commenced this action against Defendant Frank Bisignano, Commissioner of Social Security, for judicial review under 42 U.S.C. §§ 405(g) and 1383(c) of a final adverse decision for a period of disability, disability insurance benefits, and supplemental security income. (Dkt. No. 1.) On March 19, 2025, Plaintiff consented to the undersigned's jurisdiction to conduct all proceedings in this case. (Dkt. No. 6.)[2] The Commissioner filed the Administrative Record on May 13, 2025. (Dkt. No.

---

[1] The Court refers to Plaintiff using only her first name and last initial pursuant to the Court's Civil Local Rules. *See* CivLR 7.1(e)(6)(b).

[2] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature. *See* S.D. Cal. Gen. Order No. 707 (Apr. 12, 2019).

23-cv-1604-SBC

9.) Plaintiff filed a Merits Brief on June 12, 2025. (Dkt. No. 11.) Defendant filed a Responding Brief on July 14, 2025. (Dkt. No. 13.)

For the following reasons, the final decision of the Commissioner is **REVERSED,** and the case is **REMANDED** for further proceedings.

## I. BACKGROUND

### A. <u>Factual and Procedural History</u>

Plaintiff, who was born in 1972, previously held employment in customer service and as a caregiver. (AR 67-69, 103, 311-12, 693.)[3] On February 3, 2022, Plaintiff filed applications for disability insurance benefits and supplemental security income, respectively, under the Social Security Act. (AR 85, 271-82.) She alleged that she had been disabled since March 29, 2020, due to major depressive disorder, recurrent generalized anxiety, osteoarthritis, lupus, psoriatic arthritis, rheumatoid arthritis, hypertension, borderline diabetes, sleep apnea, trigeminal neuralgia, fatty liver disease, gallstones, gastroesophageal reflux disease, and mesenteric panniculitis. (AR 88, 128, 310, 343, 371.) Plaintiff's applications were denied on initial review and again on reconsideration. (AR 189, 197.) An administrative hearing was conducted on October 17, 2023, by Administrative Law Judge ("ALJ") Andrew Verne. (AR 59-84.) Plaintiff appeared at the hearing with counsel. (AR 61-62.) Testimony was taken from Plaintiff and a vocational expert ("VE"). (AR 78-79.) On March 27, 2024, the ALJ issued a decision and concluded that Plaintiff was not disabled from March 29, 2020, through the date of his decision. (AR 31-58.) Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on June 6, 2024. (AR 1-7, 269-70, 409.) Plaintiff then commenced this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

---

[3] "AR" refers to the Administrative Record filed on May 13, 2025. (Dkt. No. 9.) The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

23-cv-1604-SBC

**B.    ALJ's Decision**

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (describing the five steps).[4] The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since March 29, 2020, the alleged onset date. (AR 36.) At step two, the ALJ found that Plaintiff's severe impairments included morbid obesity, trigeminal neuralgia, rheumatoid arthritis, psoriasis with psoriatic arthritis, osteoarthritis, depression, and anxiety. (*Id.*) He found the following impairments were non-severe: vitiligo, obstructive sleep apnea, gastroesophageal reflux disease, hypertension, and peripheral neuropathy. (AR 37.) The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 37-40.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [L]ight work as defined in 20 C.F.R. 404.1567(b) except limited to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours in a regular 8-hour work day and sit 6 hours in an 8-hour workday; frequently climb ramps/stairs; occasionally climb ladders, ropes, scaffolding; frequently balance, stoop, kneel, crouch and crawl; frequently reach overhead with the right upper extremity and left upper extremity; frequently handle and finger bilaterally with the upper extremities; may work with heavy machinery and heights occasionally; should avoid concentrated exposure to hazards, including unprotected heights and dangerous moving machinery. In addition, the claimant is limited to understanding, remembering, and carrying out simple, routine, repetitive tasks, with breaks every two hours; to no social interaction with co-workers and supervisors involving no more than a brief exchange of information or hand-off of product; unable to perform highly time pressured tasks such that the claimant is limited to generally goal-oriented

---

[4] The disability insurance benefits ("DIB") and supplemental security income ("SSI") regulations relevant to this case are virtually identical; therefore, only the DIB regulations will be cited in the remainder of this order. Parallel SSI regulations are found in 20 C.F.R. §§ 416.900–416.999 and correspond with the last digits of the DIB cite (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

23-cv-1604-SBC

work, not time sensitive strict production quotas, that is, production rate pace work with strict by the minute or by the hour production quotas that are frequently and/or constantly monitored by supervisors or that are fast paced; only work in a low stress environment where there are few work place changes, such that the claimant would not have to switch from task to task[] and the claimant has minimal decision-making capability, for example, she would be unable to exercise substantial discretion in carrying out work activities.

(AR 40.)

At step four, the ALJ determined that Plaintiff was unable to perform any relevant past work such as a print shop chief clerk or home attendant. (AR 50.) At step five, the ALJ found that Plaintiff could perform the requirements of the representative occupations such as office helper, price marker, and burrito maker. (AR 51.) Accordingly, the ALJ concluded that Plaintiff had not been under a disability from March 29, 2020, through the date of his decision. (AR 52.)

**C.    Disputed Issue**

The sole issue in dispute is whether there were specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom testimony. (Merits Brief, Dkt. No. 11 at 7-17.) In analyzing the ALJ's opinion, the ALJ appears to reject Plaintiff's symptom testimony for three reasons: (i) that Plaintiff's symptom testimony is not supported by the medical record; (ii) that Plaintiff's symptom testimony is inconsistent with her activities of daily living; and (iii) that Plaintiff's symptom testimony is not to be believed because she received conservative treatment. In light of the record and the applicable law, the Court finds that these reasons are not clear, specific, and compelling, and remands for further analysis consistent with this Order.

**II.    LEGAL STANDARDS**

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited, however, and the denial of benefits "'will be disturbed only if it is not supported by substantial evidence or is based on legal error.'" *Brawner v.*

23-cv-1604-SBC

*Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)); *see also Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see also Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for . . . evidentiary sufficiency [under the substantial evidence standard] is not high."). The Court must consider the entire record, including the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The district court may affirm, modify, or reverse the Commissioner's decision. 42 U.S.C. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. *Id.*

## III.   DISCUSSION

### A.   Evaluation of Subjective Symptom Testimony

Plaintiff's main contention is that clear and convincing reasons for rejecting her testimony were not articulated. (Merits Brief, Dkt. No. 11 at 8-18.) Plaintiff argues that the cursory discussion was insufficient and that the ALJ failed to adequately explain why her statements were not credited. (*Id.*) In response, the Commissioner maintains that the ALJ properly found Plaintiff's allegations inconsistent with the overall evidence of the record and that the credibility determination was supported by specific citations to medical records and expert testimony. (Responsive Brief, Dkt. No. 13 at 2-8.) The Court finds that it was legal error to not provide specific, clear, and convincing reasons to discount Plaintiff's testimony about the severity of her symptoms.

#### 1.   Plaintiff's symptom testimony

23-cv-1604-SBC

At the administrative hearing, Plaintiff testified that she is unable to work because she has "trigeminal neuralgia. It's very painful." (AR 69.) She explained that she also has "degenerative arthritis and … major depressive disorder. Those are the main things I deal with the most." (*Id*.) Additionally, she explained that she experiences arthritis in "[m]y knees, in the front of my foot and ankle, my neck, my elbows, my hips, pretty much my back" (AR 75) which makes it "hard for me to bend down to get my pants on and also when I try to put my bra on and to put a shirt over my head." (*Id*.) Plaintiff testified that her pain is typically at an "eight." (*Id.*) Lastly, Plaintiff said that she has problems interacting with other people because she "just don't like to be around people. I get very anxious sometimes. Sometimes, I feel like people are talking about me. Sometimes when I'm depressed, I don't talk to my family because I just don't want to." (AR 76). Plaintiff testified that she can stand for "[l]ike ten or 15 minutes" before she needs to change positions or take a break. (*Id*.)

## 2.    Applicable standards

It is up to the ALJ "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)). An ALJ engages in a two-step analysis to determine the extent to which a claimant's report of symptoms must be credited. First, the ALJ must decide whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Garrison*, 759 F.3d at 1014; *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); 20 C.F.R. § 404.1529(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine the extent to which they limit the ability to perform work-related activities. SSR 16-3p, 2017 WL 5180304, at *4; 20 C.F.R. § 404.1529(c). When the ALJ finds that a claimant is not malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15; *see also Lambert*, 980 F.3d at 1277; *Smartt v. Kijakazi*, 53

F.4th 489, 497 (9th Cir. 2022). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (citing *Treichler*, 775 F.3d at 1102).

### 3.    The ALJ did not specifically identify the testimony he found not to be credible and explain his rationale

The ALJ determined that Plaintiff satisfied step one of the two-step analysis. (AR 41 ("[T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms")). At the second step, the ALJ stated that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) This language is insufficient in and of itself to meet the requirements set forth in Ninth Circuit authority to reject a plaintiff's pain testimony because it does not "identify what parts of the claimant's testimony were not credible and why." *See Lambert*, 980 F.3d at 1277; *Treichler*, 775 F.3d at 1103.

After making this boilerplate statement, ALJs typically identify the parts of the claimant's testimony that were not credible and explain the reasons for their finding. *Treichler*, 775 F.3d at 1103. Here, the ALJ offered extensive evidence that (i) "the findings of two medical consultative examinations failed to show functional deficits that exceed the limitations of the established [residual functional capacity]" (AR 41) and (ii) "the clinical findings of the treating medical sources fail to show disabling functional limitations." (AR 42.) However, it was not, as required, articulated which portions of the claimant's testimony were not found credible. Rather than identify specific testimony that was found not to be credible, the consultative examinations and clinical findings were summarized. This was insufficient. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (holding that "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination … we require the ALJ to specify which

7

23-cv-1604-SBC

testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."). "Because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based, the agency must explain its reasoning." *Treichler*, 775 F.3d at 1102 (citation modified). The Court should not have to speculate as to the grounds for the ALJ's determinations. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). The ALJ's decision here does not set forth any specific reasons or explanation as to why he rejected Plaintiff's symptom testimony. As in *Lambert*, the Court therefore "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] pain testimony [because] . . . the ALJ never identified *which* testimony [he] found not credible, and never explained *which* evidence contradicted that testimony." *See Lambert*, 980 F.3d at 1277 (citing *Brown-Hunter*, 806 F.3d at 494 ). "[P]roviding a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter*, 806 F.3d at 494.

Here it was not identified with specificity which portions of Plaintiff's testimony were inconsistent with the medical testimony.[5] Nor was it explained how any specific medical findings undermined those statements. Instead, the medical record was summarized, and it was concluded that the evidence supported the residual functional capacity assessment. Ninth Circuit precedent makes clear that such reasoning is insufficient. *See Lambert*, 980 F.3d at 1277. It was legal error to not specifically identify which part of Plaintiff's testimony about the severity of her symptoms was not found credible.

---

[5] For example, Plaintiff testified about specific examples such as her inability to stand for more than 10-15 minutes (AR 76), her severe trigeminal neuralgia pain (AR 69), and her difficulty interacting with others (AR 76). These examples were not specifically rebutted by the ALJ.

## B.    Remedy

Plaintiff requests that the Court reverse the Commissioner's decision and remand. (Merits Brief, Dkt. No. 11 at 17). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. 42 U.S.C. § 405(g); *Treichler*, 775 F.3d at 1099. A remand for an immediate award of benefits is appropriate only in rare circumstances. *See Brown-Hunter*, 806 F.3d at 495. "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981*); see also Garrison*, 759 F.3d at 1019 (noting that a Social Security case should usually be remanded to remedy defects in the administrative proceeding).

The evidence in this case does not conclusively establish that Plaintiff is disabled under the Social Security disability regulations. Rather, the evidence must still be weighed and evaluated properly. Additional proceedings can remedy the defects in the ALJ's decision. Accordingly, remand for additional proceedings is appropriate.

## IV.    CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this opinion. The Clerk is directed to issue a judgment and close this case.

**IT IS SO ORDERED**.

Dated:  March 26, 2026

Hon. Steve B. Chu
United States Magistrate Judge

9

23-cv-1604-SBC