UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE D.,[1] | Case No.:  25-cv-0614-SBC |
| Plaintiff, | |
| v. | **ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412** |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,[2] | |
| Defendant. | |
| | **[Dkt. No. 17]** |

Before the Court is the parties' May 4, 2026, Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. §§ 1920; 2412 (hereafter "Joint Motion") (Dkt. No. 17). Good cause appearing, and for the reasons stated below, the Joint Motion is **GRANTED**.

---

[1] The Court refers to Plaintiff using only her first name and last initial pursuant to the Court's Civil Local Rules. *See* S.D. Cal. Civ. R. 7.1(e)(6)(b).

[2] Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

On March 14, 2025, Plaintiff initiated this action against Defendant Commissioner of Social Security for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for social security disability benefits. (Dkt. No. 1.) On March 19, 2025, the parties consented to Magistrate Judge jurisdiction over the case. (Dkt. No. 6.) On March 26, 2026, the Court resolved the parties' joint motion for judicial review in favor of Plaintiff and remanded this case for further administrative proceedings. (Dkt. No. 15.)

In the motion presently before the Court, the parties seek $7,700.00 in attorney's fees and no costs. (Dkt. No. 17.) The Plaintiff agreed to pay counsel "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" based on a representation agreement, dated April 5, 2024. (Dkt. No. 17-1.)

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. 28 U.S.C. § 2412(d). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412 (d), upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. *See* Fed. R. App. P. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney's fees." *Akopyan*, 296 F.3d at 854.

EAJA fees are calculated based on actual time expended at statutory hourly rates, requiring "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C § 2412(d)(1)(B). Such an itemized statement is provided by Plaintiff's attorney. (Dkt. No. 17-2.)

The Court finds that Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the stipulated amount of fees and expenses reasonable. Therefore, the Court **GRANTS** the Joint Motion and awards Plaintiff attorney's fees in the total amount of $7,700.00 as authorized by 28 U.S.C. § 2412 and no

25-cv-0614-SBC

costs as authorized by 28 U.S.C. § 1920, subject to the terms of the parties' joint motion. (*see* Dkt. No. 17.) Fees will be made payable to Christine D., but if the Department of the Treasury determines that Christine D. does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to Steven G. Rosales and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

Hon. Steve B. Chu
United States Magistrate Judge

3

25-cv-0614-SBC